UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

JONATHAN K. SMITH, a member of the
Shinnecock Indian Nation residing on the
Shinnecock Indian Nation Reservation,

                Plaintiff,

        -against-

MARK W. EVERSON, in his official capacity
as Commissioner of Internal Revenue,

               Defendant.
_____X

**ORDER**
**CV-06-0791 (SJF)(AKT)**

FEUERSTEIN, J.

On February 23, 2006, plaintiff Jonathan K. Smith (plaintiff) filed a complaint against

Mark W. Everson, in his official capacity as Commissioner of Internal Revenue (defendant),

seeking, *inter alia*, judgment declaring invalid defendant's assessment of taxes, penalties and

interest on income earned purportedly on the Shinnecock Indian reservation for the year 2000.

Presently pending before this Court are: (1) defendant's motion to dismiss the complaint

pursuant to Rule 12(b)(1), (5) and (6) of the Federal Rules of Civil Procedure; and (2) plaintiff's

motions (a) to strike defendant's motion to dismiss; (b) for a default judgment; (c) for leave to

file an Amended Complaint; and (d) for a preliminary injunction, all of which are consolidated

for the purpose of this Order. For the reasons stated herein, defendant's motion to dismiss is

granted and plaintiff's motions are denied.

## I.   BACKGROUND

### A.   Factual Background

Plaintiff is a member of the Shinnecock Indian Nation.  (Complaint [Compl.], ¶ 1).

On April 15, 2001, plaintiff filed a Form 1040 for off-reservation earned income for the year 2000.  (Compl., ¶ 5).

According to plaintiff, a back-up withholding tax notice from FirstClearing, LLC, dated January 21, 2005, advised him that he was subject to twenty-eight percent (28%) backup withholding on all cash payment of dividends, interest and original issue discount income in accordance with Section 3406(a)(1)(c) of the Internal Revenue Code.  (Compl., ¶ 6).  On or about June 13, 2005, plaintiff filed an objection with the Internal Revenue Service (IRS) asserting that he had not received notices of any alleged underreporting and that, in fact, there had been no underreporting because on-reservation earned income is not subject to tax under The Fort Albany Treaty of 1664.  (Id.).

According to plaintiff, a notice from the IRS, dated June 6, 2005, indicated that he owed taxes and penalties for the year 2000 in the amount of one hundred twenty-eight thousand six hundred fourteen dollars and eighty-six cents ($128,614.86).  (Compl., ¶ 7).  Plaintiff alleges that he filed an objection to that notice on or about May 17, 2005.[1]  (Id.).

An IRS notice of intent to levy dated June 11, 2005 was issued and, on or about January

---

[1] Plaintiff's dates seem implausible and suggest that he is being less than forthcoming regarding the dates he received notices from the IRS.  According to the IRS, plaintiff was issued a notice of deficiency on January 27, 2003, a notice of delinquency in filing a return on the sixteenth (16th) week of 2004, and backup withholding notices on the twenty-sixth (26th), thirtieth (30th), thirty-fourth (34th), forty-third (43rd) and forty-seventh (47th) weeks of 2004.  (Affidavit of Robert C. Green, dated September 14, 2006, ¶¶ 5 and 11).

25, 2006, after a collection due process (CDP) hearing held at plaintiff's request, a determination was rendered in favor of the IRS and against plaintiff. (Compl., ¶ 8).

B.     Procedural Background

On February 23, 2006, plaintiff filed a complaint against defendant alleging that defendant's assessment of tax on income earned by plaintiff on the Shinnecock Indian Reservation during the year 2000 is invalid as in violation of: (1) "the treaty guarantee of free trade under the terms of Article 4 and Appended Article 3 of The Fort Albany Treaty, 1664;" (2) "the grant of power by * * * Congress * * * , pursuant to Section 7801 of the Internal Revenue Code, to the United States Department of the Treasury, to administer and enforce the internal revenue laws of the United States;" (3) "the policy of * * * Congress * * * concerning Indians;" and (4) "the role of the [federal] government * * * as trustee and guardian of [plaintiff]." (Compl., ¶ 9). Plaintiff seeks a declaratory judgment that the tax assessment, penalties and interest assessed on income he earned on the Shinnecock Indian reservation in the year 2000 is invalid and a refund on all backup withholding collected by defendant pursuant to the allegedly invalid tax assessment. (Compl., ¶¶ 10-11).

By summary order filed February 22, 2008, the United States Court of Appeals for the Second Circuit reversed my minute order from September 29, 2006 denying plaintiff's motion for a preliminary injunction enjoining the government's federal tax lien for a failure to comply with Rule 52(a) of the Federal Rules of Civil Procedure and remanded the matter to me for

findings of fact and conclusions of law.[2]

## II.    DISCUSSION

### A.    Defendant's Motion to Dismiss

#### 1.    Subject Matter Jurisdiction

##### a.    Standard of review

"In determining whether the federal courts have subject matter jurisdiction over a cause of action, a district court must look to the way the complaint is drawn to see if it claims a right to recover under the laws of the United States." IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1055 (2d Cir.1993) (quoting Goldman v. Gallant Securities, Inc., 878 F.2d 71, 73 [2d Cir.1989]). In considering a motion to dismiss for lack of subject matter jurisdiction, a court must accept as true all material factual allegations in the complaint. Atlantic Mut. Ins. Co. v. Balfour Maclaine Intern. Ltd., 968 F.2d 196, 198 (2d Cir. 1992). However, "[w]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." See LeBlanc v. Cleveland, 198 F.3d 353, 355 (2d Cir. 1999). Plaintiffs have the burden of establishing that subject matter jurisdiction exists. Lunney v. United States, 319 F.3d 550, 554 (2d Cir. 2003).

##### b.    Merits

Defendant contends that plaintiff's complaint is an appeal of the IRS Settlement Officer's

---

[2] In light of the Second Circuit's reversal and remand, plaintiff's motion to amend the minute order denying his motion for a preliminary injunction is denied as moot.

determination following the CDP hearing and that 26 U.S.C. § 6330(d) vests exclusive

jurisdiction over appeals from CDP hearings in the United States Tax Court when the underlying

tax liability arises from an income tax.

26 U.S.C. § 6330(d) vests exclusive jurisdiction over determinations by the IRS assessing

a tax deficiency with the United States Tax Court "if the Tax Court would have had jurisdiction

to determine a deficiency involving the type of tax liability at issue in the collection proceeding."

Patridge v. I.R.S., No. 06-1155, 205 Fed.Appx. 459, 461 (7th Cir. Nov. 13, 2006) (unpublished

opinion); see also Barry v. United States, No. 06-12817, 215 Fed.Appx. 933, 934 (11th Cir. Jan.

31, 2007) (holding that the Tax Court has exclusive jurisdiction over challenges to the IRS's

CDP determination of an income tax liability). "It is axiomatic that the Tax Court has

jurisdiction to review federal income tax deficiencies." Patridge, 205 Fed.Appx. at 461; see also

Silver v. Smith, No. 02-6281, 70 Fed.Appx. 17, * 19 (2d Cir. June 27, 2003) (summary order)

(holding that the Tax Court has jurisdiction with respect to those levies over which is has

deficiency jurisdiction, specifically income, gift and estate taxes). Thus, district courts lack

subject matter over petitions for judicial review of an IRS determination authorizing a collection

action against a taxpayer which involves federal income taxes. See Patridge, 205 Fed.Appx. at

461; Voelker v. Nolen, 365 F.3d 580, 581 (7th Cir. 2004). In addition, the Tax Court generally

has jurisdiction over "additions to tax for failure to pay those taxes," i.e. assessed penalties and

interest, if the claims therefor were asserted by the IRS at or before the CDP hearing. See

Patridge, 205 Fed.Appx. at 461.

Although plaintiff phrases his allegations in terms of violations of treaties, federal statutes

and Congressional policy, the crux of plaintiff's dispute with defendant Commissioner of the IRS

5

is clearly his income tax liability and, thus, the Tax Court has jurisdiction to consider such issues. See, e.g. Crawford v. Commissioner of Internal Revenue, 266 F.3d 1120, 1123 (9th Cir. 2001) (holding that Tax Courts have jurisdiction to consider constitutional questions in the context of deciding deficiencies); Barry, 215 Fed.Appx. at 935 (holding that the mere allegation of a due process violation does not confer jurisdiction on the district court if the underlying dispute concerns income taxes). Plaintiff seeks a declaration that the tax assessment, penalties and interest assessed on income he earned in the year 2000 is invalid and a refund on all backup withholding collected by defendant pursuant to the allegedly invalid tax assessment. See, e.g. Voelker, 365 F.3d at 582 (finding that the plaintiff's dispute was over his income tax liability where he sought, *inter alia*, a declaration that his income tax liability was erroneously determined); Pesci v. United States, No. CV-S021307, 2003 WL 21456609, at * 2 (D.Nev. May 6, 2003) (holding that plaintiff's claim for a refund of paid taxes supports a finding that the Tax Court has jurisdiction because before a plaintiff may file in federal district court to recover any federal income tax alleged to have been wrongfully collected by the IRS, he must satisfy the jurisdictional prerequisites of making a full payment of the tax deficiency and exhausting his administrative remedies by filing a refund claim with the IRS). Absent exhaustion of his administrative remedies, which plaintiff has failed to allege[3], plaintiff's remedy, to the extend he seeks a refund, lies with the Tax Court.

To the extent plaintiff is claiming procedural defects in the tax collection proceedings, those claims also must be brought in Tax Court. See, e.g. Patridge, 205 Fed.Appx. at 461

---

[3] Indeed, according to defendant, IRS records indicate that plaintiff has not, in fact, paid his tax liability for the year 2000. (See Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction, p. 2 n. 1).

(holding that a case involving income taxes– even where procedural defects are alleged– must be brought in Tax Court); Silver, 70 Fed.Appx. at * 20 (holding that the Tax Court has jurisdiction to hear procedural as well as substantive challenges to matters within its jurisdiction).

In opposition, plaintiff, *inter alia*, cites the case Squire v. Capoeman, 351 U.S. 1, 51 S.Ct. 598 (1956), for the proposition that "[a] district court has found illegal the assessment of federal income taxes on timber sold by the federal government on behalf of Indians protected by treaty." (Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss [Plf. Opp.], p. 8). To the extent plaintiff cites to Squire to imply that Indians are protected from the assessment of federal income taxes, such a proposition is clearly contrary to law. See, e.g. Dillon v. United States, 792 F.2d 849, 852 (9th Cir. 1986) (holding that generally Indians, like other United States citizens, are subject to federal income taxation unless specifically exempted by treaty or statute). To the extent plaintiff cites Squire merely as an example of a case involving income taxes over which a district court had jurisdiction, Squire is inapposite, since Squire was an action for a refund of income taxes paid in which jurisdiction was not challenged. As noted above, federal district courts have jurisdiction over actions to recover any internal revenue tax alleged to have been wrongfully collected *provided that* the jurisdictional prerequisites of making a full payment of the tax deficiency and exhausting administrative remedies are met. Cf. Pesci, 2003 WL 21456609, at * 2. Since plaintiff has not established that he made full payment of the tax deficiency or exhausted his administrative remedies, this Court does not have jurisdiction over his claim for a refund. Notably, cases similar to plaintiff's, which challenge deficiencies and additions to tax assessed by the Commissioner of the IRS based on one's status as an Indian, are routinely heard in the Tax Court. See, e.g. Dubray v. C.I.R., No. 7547-02, 2004 WL 2849173

(U.S. Tax Ct. Dec. 13, 2004); Kieffer v. C.I.R., No. 9404-96, 1998 WL 281900 (U.S. Tax Ct. June 2, 1998), aff'd, 194 F.3d 1317 (9th Cir. 1999); Campbell v. C.I.R., No. 9244-95, 1997 WL 690178 (U.S. Tax Ct. Nov. 6, 1997); Beck v. C.I.R., No. 11689-92, 1994 WL 100623 (U.S. Tax Ct. Mar. 28,1994), aff'd, 64 F.3d 655 (4th Cir. 1995); Satiacum v. C.I.R., Nos. 469-77, 16540-80, 1986 WL 21558 (U.S. Tax Ct. Aug. 6, 1986). Accordingly, plaintiff's complaint is dismissed for lack of subject matter jurisdiction.[4]

B.    Standard for Injunctive Relief

In order to obtain a preliminary injunction in non-tax cases, a plaintiff must demonstrate (1) a likelihood of irreparable injury in the absence of injunctive relief; (2) either a likelihood of success on the merits, or "sufficiently serious questions going to the merits to make them a fair ground for litigation" and a balance of hardships tipping decidedly in the plaintiff's favor. Malletier v. Burlington Coat Factory Warehouse Corp., 426 F.3d 532, 537 (2d Cir. 2005); Sunward Electronics, Inc. v. McDonald, 362 F.3d 17, 24 (2d Cir. 2004).

In tax cases, the Anti-Injunction Act, 26 U.S.C. § 7421(a), generally prohibits any action "for the purposes of restraining the assessment or collection of any tax." "[A] pre-enforcement injunction against the assessment or collection of taxes may be granted only (i) if it is clear that under no circumstances could the Government ultimately prevail * * * and (ii) if equity jurisdiction otherwise exists * * *. Unless both conditions are met, a suit for preventive

---

    [4] In light of this determination, I am constrained from addressing defendant's remaining contentions. Moreover, since lack of subject matter jurisdiction may be raised at any time, plaintiff's motion to strike defendant's motion to dismiss as untimely and for a certificate of default are denied.

injunctive relief must be dismissed." <u>Alexander v. "Americans United" Inc.</u>, 416 U.S. 752, 758 (1974) (internal quotations and citations omitted).

In light of my determination that this Court lacks subject matter jurisdiction over plaintiff's claims, plaintiff cannot demonstrate a likelihood of success on the merits of his claim for injunctive relief or that "under no circumstances could the Government ultimately prevail." Plaintiff's attempt to invoke section 6213(a), one of the enumerated exceptions in the Anti-Injunction Act, does not cure the defect in subject matter jurisdiction. Indeed, that exception specifically notes that injunctive relief is available "in the proper court, including the Tax Court." Accordingly, plaintiff's motion for a preliminary injunction is denied.

C.     Motions for Leave to File an Amended Complaint

"If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Fed. R. Civ. P. 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires." <u>Id.</u> Absent a showing of undue delay, bad faith or dilatory motive on the part of the plaintiff, undue prejudice to the defendant, or the futility of the amendment, a plaintiff should be granted leave to replead upon granting a motion to dismiss. <u>Id.</u> at 182, 83 S.Ct. 227; <u>Dluhos v. Floating and Abandoned Vessel Known as "New York."</u>, 162 F.3d 63, 69 (2d Cir. 1998) (holding that a motion to amend should be denied if there is an "apparent or declared reason– such as undue delay, bad faith or dilatory motive * * * repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of an amendment, [or] futility of

the amendment"). If amendment would be futile, i.e. if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6), leave to amend may be denied. See Lucente v. International Business Machines Corp., 310 F.3d 243, 258 (2d Cir. 2002). Moreover, "[w]here a court would lack subject matter jurisdiction over the case as pleaded in the proposed amendment, the court may deny leave to amend on the ground of futility." Latino Quimica-Amtex S.A. v. Akzo Nobel Chemicals B.V., No. 03 Civ. 10312, 2005 WL 2207017, at * 4 (S.D.N.Y. Sept. 8, 2005) (citing Chan v. Reno, 916 F.Supp. 1289, 1302 (S.D.N.Y. 1996)).

Plaintiff has filed two (2) motions to amend his complaint. The "First Amended Complaint" proposed by plaintiff claims, in addition to the claims asserted in his original complaint, that defendant's assessment of tax, penalties and interest on income plaintiff earned on the Shinnecock Indian Reservation during the year 2000, and subsequent collection efforts, was in bad faith and "for the improper non-tax purpose of harassment and to coerce [plaintiff] from asserting his treaty rights in unrelated [actions commenced by plaintiff in state and federal courts] involving the [then] New York State Attorney General, Eliot Spitzer, * * *. (Proposed First Amended Complaint [First Amend. Compl.], ¶ 10). Thus, the crux of plaintiff's "First Amended Complaint" is his income tax liability, as the only relief sought by him is a declaration that the tax assessment and additions thereto are invalid, a refund, and injunctive relief. Accordingly, any amendment would be futile, since this Court would lack subject matter jurisdiction over plaintiff's additional claim. See, e.g. Voelker, 365 F.3d at 582 (finding that the plaintiff's dispute was over his income tax liability where he sought, *inter alia*, a declaration that his income tax liability was erroneously determined). Thus, plaintiff's motion for leave to file a First Amended Complaint is denied.

10

Plaintiff's second motion for leave to file an "Amended Complaint" seeks to assert the following additional allegation: that defendant's assessment of income tax and additions thereto violated the United Nations' International Convention on the Elimination of All Forms of Racial Discrimination, adopted by the U.N. General Assembly Dec. 21, 1965, 660 U.N.T.S. 195 (ratified by the United States June 24, 1994) ("CERD"). (Proposed Second Amended Complaint ¶ 11). As the crux of plaintiff's "Amended Complaint" is his income tax liability, and he seeks the same relief, the proposed amendment would be futile, as this Court lacks subject matter jurisdiction. In addition, CERD does not provide a private right of action. See Smith v. Cuomo, 06-CV-3181 at 35 (E.D.N.Y. Sept. 30, 2007). Accordingly, plaintiff's second motion for leave to file an "Amended Complaint" is denied.

III.    CONCLUSION

For the foregoing reasons, defendant's motion to dismiss the complaint is granted and the complaint is dismissed in its entirety for lack of subject matter jurisdiction; plaintiff's motions to strike defendant's motion to dismiss, for a default judgment, and to amend my September 29 2006 order are denied as moot; and plaintiff's motions for leave to file an amended complaint and for a preliminary injunction are denied. The clerk of the Court is directed to enter final judgment in favor of defendant and to close this case.

SO ORDERED

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: March 21, 2008
       Central Islip, New York

Copies to:

Moore International Law Offices
45 Rockefeller Plaza, Suite 2000
New York, New York 10111
Attn:   Scott Michael Moore, Esq.

United States Department of Justice
Tax Division
P.O. Box 55
Ben Franklin Station
Washington, D.C. 20044
Attn:   Karen A. Smith
        Bonni Jessica Perlin